UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                           Criminal Case No. 16-20101
v.                                          Honorable Linda V. Parker

WYATT F. HOWELL, JR.,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

On May 31, 2016, Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  On August 30, 2016, the Court sentenced Defendant to a term of imprisonment of 108 months.  A Judgment was entered on September 7, 2016.  The matter is presently before the Court on Defendant's December 4, 2019 letter, received on December 11, 2019, in which he seeks a reduction of his sentence.  (ECF No. 22.)  The motion has been fully briefed (ECF Nos. 25, 26), and the Government opposes Defendant's request for relief (ECF No. 25.)

Defendant was sentenced as a career offender under United States Sentencing Guideline § 4B1.1(a) due to his two prior convictions for controlled

substance offenses: possession with intent to deliver 50 grams of cocaine in 2008 and delivery of narcotics less than 50 grams in 2012.  Defendant now seeks resentencing in light of the Sixth Circuit's decision in *United States v. Powell*, 781 F. App'x 487 (6th Cir. 2019).  *Powell* applied the Sixth Circuit's holding in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), that attempt crimes no longer qualify as controlled substance offenses under the sentencing guidelines for purposes of the career offender enhancement.  *Powell*, 781 F. App'x at 490 (citing *Havis*, 927 F.3d at 386-87).

A district court is authorized to modify a defendant's sentence only in those instances where Congress has granted it jurisdiction to do so.  *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  In 18 U.S.C. § 3582(c), Congress provided that a court may *not* modify a term of imprisonment once it has been imposed except in the three limited circumstances set forth in the statute: (1) upon motion by the Director of the Bureau of Prisons ("BOP") or the defendant based upon "extraordinary and compelling circumstances" or where the defendant is at least 70 years of age, has served at least 30 years in prison, and is not a danger to the safety of any person; (2) as permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where the applicable sentencing guideline range has been retroactively lowered by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)-(2).

The BOP Director has not moved for a modification of Defendant's sentence and Defendant does not cite "extraordinary and compelling circumstances warranting a sentence reduction. Rule 35 only authorizes a modification of a defendant's sentence within fourteen days of sentencing. Defendant filed his motion well after the fourteen-day period.

The Sixth Circuit's decisions in *Powell* and *Havis* do not fall within any of the limited circumstances where courts are empowered to modify a defendant's sentence under § 3582(c).[1] Those decisions interpreted U.S.S.G. § 4B1.2(b), concluding that the text of the guideline "makes clear that attempt crimes do not qualify as controlled substance offenses." *Havis*, 927 F.3d at 387. The Sixth Circuit did not amend the guideline but only rejected the Sentencing Commission's interpretation of it.

For these reasons,

**IT IS ORDERED** that Defendant's motion for a reduction of his sentence

---

[1] Defendant also does not have a cognizable claim under 28 U.S.C. § 2255 based on *Havis* or *Powell*, as non-constitutional challenges to an advisory guideline range do not entitle a defendant to habeas relief. *See Snider v. United States*, 908 F.3d 183, 189-91 (6th Cir. 2018). Additionally, the Sixth Circuit has recently held that "misapplication-of-the-guidelines-range claims are not cognizable on collateral review." *Bullard v. United States*, 937 F.3d 654, 659-61 (6th Cir. 2019).

(ECF No. 22) is **DENIED**.

    **IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 5, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 5, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager