UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

        Plaintiff,

v.

        Case No. 16-20101-1
        Honorable Linda V. Parker

WYATT F. HOWELL, JR.,

        Defendant.

_____/

**OPINION & ORDER GRANTING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE (ECF NOS. 32 & 40)**

On May 31, 2016, Defendant Wyatt F. Howell, Jr. pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of possession with intent to distribute heroin greater than 100 grams, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Plea Agreement, ECF No. 18 at Pg. ID 40.) On August 30, 2016, this Court sentenced Defendant to 108 months of imprisonment, followed by a supervised release term of four years. (Judgment, ECF No. 21.) The Court recommended that Defendant serve his prison term at the Federal Correctional Institution in Milan, Michigan (FCI Milan), and participate in a comprehensive drug treatment program. (*Id.* at Pg ID 77.) Defendant is currently incarcerated at the Bureau of Prison's facility in Memphis, Tennessee (FCI Memphis). The matter is presently before the Court on Defendant's December 2, 2020 Motion for

Compassionate Release. (ECF No. 32.) The Government responded to the motion on December 16, 2020. (ECF No. 36.) Defendant filed a supplemental motion on February 5, 2021. (ECF No. 40.)

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with *applicable* statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. Nov. 20, 2020). The Sixth Circuit has held that United States Sentencing Guideline "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States v.* Elias, 984 F.3d 516, 519 (6th Cir. 2021). In that instance, the court may skip the second step. *Jones*, 980 F.3d at 1111.

The district court may deny compassionate release if any of the prerequisites is lacking. *United States v. Navarro*, -- F.3d --, 2021 WL 287756, at *2 (6th Cir. 2021) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies. (Resp. at 11, ECF No. 36 at Pg ID 195.) The Government also concedes that Defendant's obesity (BMI 35-36) is an extraordinary circumstance, in combination with the COVID-19 pandemic.[1] (*Id.* at 15-16, Pg ID 199-200.) Nevertheless, the Government maintains that Defendant's obesity is not compelling.[2] (*Id.* at 16-17, Pg ID 200-01.) Moreover, the

---

[1] Defendant also claims that he suffers from asthma, a contention the Government disputes based on his medical records. (Resp. at 16, ECF No. 36 at Pg ID 200.) On August 20, 2020, Defendant reported to his medical provider that he used to have asthma attacks when he was a child but had grown out of them. (Resp. Ex. 3, ECF No. 37-2 at Pg ID 253.) Defendant complained of wheezing at times, when he wakes up and goes to sleep. (*Id.*) "[N]o significant findings [were] noted." (*Id.*)

[2] As it routinely does in response to the many compassionate release motions filed by incarcerated individuals during the COVID-19 pandemic, the Government further maintains that despite Defendant's heightened risk, the Bureau of Prisons has instituted measures to mitigate the risk of the virus spreading within its facilities. (ECF No. 31 at Pg. ID 166-173.) This Court, and many other courts in this District, have addressed the Government's contentions in other decisions, concluding that whatever measures have been taken have not eliminated—and probably cannot given the communal environment—the spread of the virus. *See,*

Government maintains that the factors in § 3553(a) weigh against reducing Defendant's sentence. (*Id.* at 18-21, Pg ID 202-05.)

## ANALYSIS

This Court finds that Defendant's obesity, which places him at increased risk of a serious outcome if he contracts COVID-19, constitutes an extraordinary *and* compelling circumstance weighing in favor of granting his request for compassionate release. According to the Centers for Disease Control and Prevention, individuals with a BMI over 30 are three times more likely to be hospitalized if they contract COVID-19. *See* https://www.cdc.gov/obesity/data/obesity-and-covid-19.html. Notably, Defendant is 38 years old, which also places him at increased risk from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html.

Consideration of the § 3553(a) factors also leads the Court to conclude that a reduction is appropriate. These factors include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just

---

*e.g., United States v. Nazzal*, 466 F. Supp. 3d. 753, 758 (E.D. Mich. June 10, 2020); *United States v. Haynes*, No. 14-20083, 2020 WL 4696601, at *3 (E.D. Mich. Aug. 13, 2020). For the reasons previously stated in those decisions, the BOP's efforts do not justify denying Defendant's motion.

punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

The Government begins its argument for why Defendant's sentence should not be reduced by pointing out the length of time remaining on his sentence. (Resp. at 19, ECF No. 36 at Pg ID 203.) Defendant has served a little over half of his nine-year sentence. (ECF No. 31 at Pg. ID 164.) His projected release date is November 6, 2023. (Mot. Ex. C, ECF No. 32-3 at Pg ID 127.) The Government argues that Defendant's original sentence—which was a departure from the sentencing guidelines range of 188-235 months—already reflected the Court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" as set forth in the § 3553(a) factors.

Yet the Court pronounced Defendant's sentence well before this global pandemic, at a time when his incarceration did not expose him to a risk of seriousness illness or death. Moreover, while Defendant has served only slightly more than fifty percent of his original sentence, the over four years he has served appears to be the longest period he has been continuously incarcerated. The Court hopes that this experience will impact his future behavior.

5

The Court is troubled by Defendant's extensive criminal history and the fact that he committed the instant offense approximately six months after being discharged from parole on a state court conviction for delivery of less than 50 grams of narcotics, carrying a concealed weapon, and being a felon in possession of a weapon. Nevertheless, the instant offense and most of Defendant's prior convictions are for non-violent drug offenses. While Defendant was found to have possessed a firearm in connection with the instant offense and has other prior firearm-related convictions, there is no indication that he has used a weapon in furtherance of any crime, with the exception of a conviction almost twenty years ago when he was 19 years old.

Defendant has accumulated no misconducts during his incarceration. He is close to earning his GED and has finished more than thirty educational courses. (ECF No. 32-3.) Defendant also has completed drug education. (*Id.*) According to the Bureau of Prisons' calculations, Defendant's recidivism risk is "low." (ECF No. 40-3 at Pg ID 291.)

In conclusion, while the Court recognizes that Defendant has some time remaining on his sentence, it finds that the benefit of keeping him incarcerated is outweighed by the risk of a serious outcome if he contracts COVID-19. Moreover, the sentence that Defendant has served, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense,"

"promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motions for Compassionate Release. (ECF Nos. 32, 40.) The Court reduces Defendant's sentence to time served as of February 15, 2021. The period of supervised release remains four years.

Defendant shall be released no later than February 15, 2021, and shall reside at the residence of Keyeonia Owens in Flint, Michigan, where Defendant shall remain in self-quarantine for 14 days. Defendant shall notify the Probation Department for the Eastern District of Michigan within 24 hours of his arrival at Ms. Owens' residence and is directed to follow the instructions of the assigned probation officer.

Upon his release from custody, Defendant will be subject to the same conditions of release imposed in his original sentence. These conditions include the requirement that Defendant work towards obtaining his GED during the term of supervised release. Upon entry of this Order, Defendant's Counsel shall

immediately contact the Probation Department to coordinate and facilitate enforcement of Defendant's release conditions.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 9, 2021